IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SHANNON BERRETH,                          Case No. 3:11-cv-1323-AA

          Plaintiff,                      OPINION AND ORDER

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security,

          Defendant.
_____

Bruce W. Brewer
419 5th Street
Oregon City, OR 97045
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Terrye E. Shea
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075
     Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for an award of benefits.

BACKGROUND

On April 28, 2009, plaintiff protectively filed applications for DIB and SSI benefits. Tr. 16, 133-45. Plaintiff's applications were denied initially and on reconsideration. Tr. 65-74, 76-82. After timely requested a hearing, plaintiff and a vocational expert (VE) appeared and testified before an administrative law judge (ALJ) on December 16, 2010. Tr. 34-59. On January 6, 2011, the ALJ issued a decision concluding that plaintiff was not disabled within the meaning of the Act. Tr. 16-27. The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 1-3.

At the time of the administrative hearing, plaintiff was forty-three years old with a high-school education and past relevant work as a manufacturing worker, office worker, accounting assistant, front desk clerk, and office manager. Tr. 26, 139, 168. Plaintiff alleges disability since March 7, 2007 due to elbow and back problems and pain, depression, anxiety, and PTSD.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by

2    - OPINION AND ORDER

substantial evidence in the record. <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

<u>COMMISSIONER'S DECISION</u>

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

A five-step sequential process exists for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period of alleged disability. Tr. 18; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had severe impairments of "lateral epicondylitis of the left elbow," degenerative joint disease of the back and neck, depression,

anxiety, and a history of alcohol and drug abuse, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 18-20; Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

The ALJ next found that plaintiff retained the residual functional capacity (RFC) to perform light work with some limitations, in that plaintiff should not "climb ladders, ropes or scaffolds; she can occasionally stoop, crouch and crawl; she should have only occasional repetitive use of her (non-dominant) left elbow; and she is limited to simple, routine tasks with only occasional public contact." Tr. 20; 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four, the ALJ found that plaintiff could not perform past relevant after considering the testimony of the VE. Tr. 26; 20 C.F.R. §§ 404.1520(f), 416.920(f).

At step five, the burden shifts to the Commissioner to show that a claimant can perform other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as a flagger and motel maid. Tr. 27. Thus, the ALJ found that plaintiff was not disabled within the meaning of the Act.

<u>DISCUSSION</u>

Plaintiff argues that the ALJ erred in finding her PTSD not severe at step two and in finding disability not established at step three. Plaintiff also argues that the ALJ erred in his credibility determination, improperly rejected the opinions of a

4    - OPINION AND ORDER

treating psychiatrist and an examining psychologist, and also failed to incorporate limitations in plaintiff's RFC. However, I need not address the majority of plaintiff's complaints, as I find that the ALJ erred by rejecting the psychological evidence of record, and that this evidence establishes disability.

Where a treating or examining physician's opinion is uncontradicted, the ALJ must provide "clear and convincing" reasons to reject the physician's opinion, supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001). If the treating or examining physician's opinion is contradicted, the ALJ must provide "specific and legitimate" reasons supported by substantial evidence in the record. Id. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). Thus, even if the ALJ finds a treating physician's opinion to be inconsistent with other substantial evidence in the record, this only means that it is not entitled to "controlling weight," not that the opinion should be rejected entirely. Holohan, 246 F.3d at 1202 (quoting Social Security Ruling (SSR) 96-2p). The terms "physician" includes psychologists and other health professionals. Lester, 81 F.3d at 830, n.7.

Molly C. McKenna, Ph.D., conducted an interview and testing of plaintiff in February 2009. She diagnosed plaintiff with chronic PTSD and Bipolar disorder, "most recent episode depressed," and "rule out" Anorexia Nervosa. Tr. 373. Dr. McKenna noted that plaintiff's "anxiety was evident on interview and she struggled to

relax during the evaluation," and that plaintiff was "visibly sad, tearful, nervous, and found it difficult to fully engage with the evaluator during the evaluation." Tr. 373. Dr. McKenna also noted that plaintiff's "difficulty with social situations and heightened responses to even minor stress reduces her function significantly," despite plaintiff's involvement in treatment. Tr. 373. Dr. McKenna believed that plaintiff's "psychological symptoms significantly reduce her function, make it difficult for her to tolerate even minor stressors, reduce her capacity for social interaction, and limit her to routine and simple daily responsibilities." Tr. Tr. 373. Further, Dr. McKenna found plaintiff's "prognosis for improvement is quite guarded, given the long-term presence of her mood/anxiety symptoms despite ongoing treatment. . . . [W]ithout intensive, long-term treatment, her PTSD and mood fluctuations will make it extremely difficult for her to seek, obtain, or maintain gainful employment." Tr. 373. Finally, Dr. McKenna stated that plaintiff's "long-term symptoms suggest that her symptoms are unlikely to improve significantly without 12-18 months of treatment at a minimum." Tr. 374.

The ALJ gave Dr. McKenna's opinion "little weight," finding it "inconsistent with the record as a whole, including other medical opinions and claimant's activities of daily living, and appears to be based primarily upon claimant's subjective reporting of symptoms." Tr. 25. This finding is neither clear, convincing, nor specific, nor is it supported by substantial evidence.

First, the ALJ stated that Dr. McKenna's opinion is "inconsistent" with the record and other medical opinions. However, the ALJ does not identify what portions of the record or what

medical opinions are inconsistent with Dr. McKenna's opinion. While the ALJ cited several medical reports and evaluations, these addressed plaintiff's complaints of back and elbow pain, not her psychological symptoms or diagnoses. Tr. 24. Further, as plaintiff notes, the record is replete with mental health treatment records that document plaintiff's ongoing struggles with psychological impairments and symptoms. Specifically, records from plaintiff's treating psychologist, Dr. Tai, and mental health counselor, Jack Agen, as well as other medical records, document and corroborate plaintiff's ongoing anxiety, depressed and "tearful" moods, and her "cycling between mania and depression." Tr. 377-430, 461, 582-87, 659-93, 735-39, 771-77.

The ALJ cited two pages of treatment records as showing "improvement" of plaintiff's psychological symptoms. Tr. 25, 584, 586. However, a decision "cannot be affirmed simply by isolating a quantum of supporting evidence." Sousa v. Callahan, 143 F.3d 1240, 1243 (9th Cir. 1998). Rather, the ALJ must consider the record as a whole. Id.; see also Holohan, 246 F.3d at 1205. Given the psychological evidence as a whole, the ALJ's finding that Dr. McKenna's opinion is "inconsistent with the record" is puzzling and not supported by substantial evidence.

Second, the ALJ found that Dr. McKenna's opinion was based on plaintiff's subjective complaints, which he found not credible. In his credibility determination, the ALJ relied primarily on plaintiff's "vague and inconsistent" testimony regarding her impairments and symptoms, and the lack of objective evidence to support her back pain. Tr. 22-23. However, Dr. McKenna's findings are also based on objective testing and her own observations, which

7    - OPINION AND ORDER

corroborate plaintiff's complaints of depression, anxiety, and tearfulness, as does other psychological evidence of record cited above. Moreover, several physicians who treated or evaluated plaintiff's physical impairments also referenced and noted the possible effect of her psychological impairments on her physical symptoms. Tr. 246, 580, 600, 739.

Third, the ALJ noted that Dr. McKenna commented that plaintiff's symptoms of "inactivity and sedation" might be related to her "current medical load," interpreting Dr. McKenna's comment as concern about possible dependence on medication or drug use. Tr. 25. However, Dr. McKenna's statement was not made in this context; her concern related to the number of medications she was prescribed. Tr. 373-74.

Fourth, the ALJ also found Dr. McKenna's opinion inconsistent with plaintiff's activities of daily living, which include driving, shopping, texting, and watching television. Tr. 25. However, Dr. McKenna distinguished plaintiff's daily activities in the context of "good" days and her more limited activity during "depressed phases." Tr. 370. Moreover, plaintiff's reported activities are not inconsistent with plaintiff's complaints of depression and anxiety or Dr. McKenna's opinion that plaintiff's psychological symptoms would interfere with her ability to seek or maintain sustained employment. Cf. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.").

8    - OPINION AND ORDER

Finally, the ALJ noted that Dr. McKenna urged "caution" in reviewing her interpretation of and hypotheses formulated from the results of plaintiff's psychological testing, noting that plaintiff's "scores on validity scales suggest that she did attend to item content in responding to [questions], with some idiosyncratic responses to particular items that could affect test results." Tr. 372. However, Dr. McKenna also stated that "[t]here is no evidence to suggest that the respondent was generally motivated to portray herself as being relatively free of common shortcomings or minor faults or in a more negative or pathological light that the clinical picture would warrant." Tr. 372.

Thus, regardless of the qualifications Dr. McKenna placed on her "intepretive hypotheses" developed from plaintiff's test results, the fact remains that Dr. McKenna found no evidence of malingering and opined that plaintiff's psychological symptoms would interfere with the ability to maintain sustained employment. Tr. 373-74. Further, Dr. McKenna's opinion is supported and corroborated by extensive mental health treatment records, as noted above. Therefore, the ALJ erred in rejecting the opinion and conclusion of Dr. McKenna, and well as the implicit rejection of the mental health evidence of record.

The question remains whether the case should be remanded for further proceedings or payment of benefits, a decision within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000); Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

The Ninth Circuit has posited the following test for determining when an award of benefits is warranted:

9    - OPINION AND ORDER

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but grants the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, the ALJ failed to provide legally sufficient reasons for rejection the opinion of Dr. McKenna. Further, no outstanding issues remain for resolution; the ALJ completed the five-step evaluation process and psychological treatment records are consistent with Dr. McKenna's evaluation and findings. Finally, it is clear from the record that disability is established if Dr. McKenna's evaluation and opinion is accepted. Tr. 58, 373-74.

CONCLUSION

For the reasons explained above, the ALJ's determination is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for the payment of benefits.

IT IS SO ORDERED.

Dated this 26th day of March, 2013.

Ann Aiken
United States District Judge

10  - OPINION AND ORDER